*G. H. Voss*, for the appellee.

---

## RICE v. THE STATE.

In a prosecution for shooting with intent to kill, the manner in which the gun was loaded, and the possibility of death being produced by its discharge, would seem to be matters of evidence arising on the trial, and not of averment in the indictment.

After the return of the verdict, it was ascertained that one of the petit jurors

had been of the grand jury that found the indictment. The juror had answered to the defendant's attorney, when the jury was being empanneled, that he had not formed or expressed any opinion as to the guilt or innocence of the accused.

*Held*, that the juror was incompetent, and that the defendant was guilty of no negligence in not sooner discovering the fact.

*Held*, also, that if the incompetency of the juror had been known to the accused at the time the jury was accepted and sworn, he could not afterward have been heard to make the objection.

*Held*, also, that the juror having answered that he had formed no opinion, the defendant was not required to go further, and ascertain whether he had been on the grand jury, or was subject to any other disqualification.

*May Term, 1861.*

*RICE v. THE STATE.*

APPEAL from the *Warrick* Circuit Court.

*Thursday, June 6.*

WORDEN, J.—Indictment against the appellant for assault with intent to murder. Motion to quash overruled. Trial, conviction, and judgment; a new trial being denied.

The indictment charges that the defendant, on, &c., at, &c., "in and upon one *William M. Spradley*, then and there being, feloniously and unlawfully did make an assault, and with a certain pistol, which he, the said *Commodore Rice*, in his right hand then and there held, feloniously and unlaw- fully did aim and shoot at him the said *William M. Sprad- ley*, with the intent then and there," &c.

The objection to the indictment is, that it does not allege that the pistol was so loaded or charged as to have rendered it possible for the defendant to execute his felonious intent.

The manner in which the pistol was loaded, and the possi- bility of death being produced by its discharge, considering the materials with which it was loaded, and the distance at which it was fired, would seem to be matters of evidence arising on the trial. *Vide*, on this subject, the case of *The State* v. *Swails*, 8 Ind. 524.

One of the petit jurors by whom the cause was tried, was one of the grand jurors who found the indictment. It suffi- ciently appears that the defendant, as well as his counsel, was ignorant of this fact until after the return of the verdict. The juror was, at the proper time, interrogated as to his competency, and disclaimed having formed or expressed any opinion as to the guilt or innocence of the accused, though he was not asked if he had been a member of the grand jury

which found the indictment. The affidavit of the juror himself was filed in support of the verdict, in which he says he had, at the time of being examined, no opinion as to the defendant's guilt, and had forgotten the circumstance of his having been on the grand jury. A new trial was asked on this ground.

We think it clear that the juror was incompetent, and that the defendant was guilty of no negligence in not sooner discovering the fact. Had the incompetency of the juror been known to the accused at the time the jury was accepted and sworn, he could not afterward have been heard to make the objection. *Barlow* v. *The State*, 2 Blackf. 114. Here, the accused undertook to test the juror's freedom from bias, and being answered by the juror that he had formed no opinion in the case, he was not required to go further, and ascertain whether he had been on the grand jury, or whether he was under any other disqualification. An accused person has a right to presume that the jurors called to try him are competent, and he need not anticipate possible objections unless he has notice that they exist, or has some reason to suppose that they may exist. A person called to serve as a juror may have formed an opinion in the case, and reasonable diligence on the part of the accused requires that he should test the juror in this respect; but having done so, he is guilty of no negligence in relying upon the statements of the juror, and trusting to the State to put him upon trial before an impartial and competent jury. A new trial should have been granted.

*Per Curiam.*—The judgment is reversed, and the cause remanded.

*Conrad Baker* and *J. S. Moore*, for the appellant.
*James G. Jones*, Attorney General, for the State.