Blandy et al. v. Raguet.

H. Blandy et al.

*vs.*

J. C. Raguet.

Plaintiffs and N. and H. entered into a written agreement whereby plaintiffs agreed to furnish N. and H. a steam engine, &c., to be delivered in the city of Zanesville, Ohio, on steamboat, on or about May 1st, 1868, for the consideration of $3,400, to be paid as follows: $200 cash in hand; $2,100 to be deposited with John C. Raguet, St. Paul, on or before May 1st, 1868, together with note of hand for $1,100, * * said note to be approved by said Raguet. H. & N. deposited the $2,100 and note with Raguet May 1st, 1868. *Held,* That plaintiffs were entitled to receive the deposit upon actual or accepted performance of the contract on their part, and that they were entitled to insist upon the making of the deposit before such performance.

May 19th, Raguet wrote to plaintiffs, acknowledging receipt of deposit, and stating that it was to be paid over to plaintiffs, " when the engine arrives and is set up." On May 20th, Raguet telegraphed plaintiffs that the " required deposit " had been made. Plaintiffs thereupon shipped the ma-

chinery. *Held,* That Raguet is estopped from showing that he received the deposit upon terms inconsistent with those upon which he so informed the plaintiffs that he had received it.

*Held, further,* That Raguet was not prejudiced by the ruling below, excluding evidence offered to show that the machinery was shipped by rail, not by boat, and that N. & H. had suffered damage by delay in shipping some portions of the machinery, as he was permitted to show (if he desired to do so,) that the machinery had not arrived and been set up when the deposit was demanded of him by plaintiffs.

The pendency of a former action of claim and delivery was set up. *Held,* That the same was properly dismissed by an entry in the clerk's register, made and signed by plaintiff's attorney in such action, and by notice of such dismissal served on attorneys for defendant, without payment of costs, or an entry of judgment of dismissal.

*Held, further,* That the property claimed in such former action, not having been taken possession of by the officer, there was no allowance of a provisional remedy within the meaning of the statute regulating dismissal of actions.

The plaintiffs entered into a certain written contract with one T. S. Nickerson and H. Holton, in relation to furnishing said Nickerson and Holton a steam engine and certain machinery. The contract contained a stipulation that said Nickerson and Holton should deposit with the defendant a certain sum of money, and a certain promissory note, to be delivered by him to the plaintiffs, pursuant to certain conditions contained in the written contract. The note and a certified check for the money were deposited with defendant. The plaintiffs, claiming that they had performed the contract on their part, and were entitled to the money and note, and that defendant had refused to deliver them up on demand, brought this action in the district court for Ramsey county, to recover judgment for the amount of the money and note. The defendant answered denying that plaintiffs had fulfilled their contract, alleging special breaches of the contract by them, and the damages sustained by Nickerson and Holton

by reason of such breaches. The answer also alleged that the promissory note and check were deposited with defendant upon certain express terms and conditions, made between defendant and Holton and Nickerson, one of which was, that defendant should not deliver them to the plaintiffs until ordered to do so by said Holton, and that said Holton and Nickerson, on account of such breaches of the contract on the part of plaintiffs, had forbidden the defendant to deliver them over to plaintiffs. The answer also alleged for a second defense another action pending. The cause was tried before a jury, who found a verdict for the plaintiffs. The defendant made a motion for a new trial, which was denied, and he appeals from the order denying the same to this court. The conditions of the contract between plaintiffs, and Nickerson and Holton; the evidence on the trial; the exceptions to the rulings of the court during the progress of the trial, and to its charge to the jury, all sufficiently appear in the opinion of the court.

Lampreys for Appellant.

Brisbin & Palmer for Respondents.

*By the Court.*—Berry, J.—The plaintiffs of the one part, and Nickerson & Holton of the other part, entered into a written contract, whereby the plaintiffs agreed to furnish Nickerson & Holton a steam engine, and sundry other articles, " to be delivered in the city of Zanesville, Ohio, on steamboat, on or about May 1st, 1868, for the consideration of $3,400, to be paid as follows : $200 cash in hand ; $2,-100 to be deposited with John C. Raguet, St. Paul, on or before May 1st, 1868, together with note of hand for $1,100, payable three months after date, dated May 1st, 1868, with

seven per cent. interest, said note to be approved by said Raguet."

On the 1st day of May, 1868, H. & N. deposited with the defendant the $1,100 note, and a certified check for $2,100. Whether the deposit became the absolute property of the plaintiffs as soon as the same was made, is a matter of perhaps some doubt, which it is unnecessary to determine. It is certain that the plaintiffs were entitled to it upon a performance of the contract upon their part, either in fact, or to the acceptance of Nickerson & Holton. Nickerson & Holton had no right to attach any conditions more onerous than such performance to the deposit.

On the 19th day of May the defendant at St. Paul, wrote the plaintiffs at Zanesville as follows : " Holton & Nickerson have deposited with us a $2,100 certified check, and a note for $1,100, all to be paid over to you when the engine arrives and is set up."

On the 20th day of May the defendant sent the following telegram to the plaintiffs : " Holton has made the required deposit ; wrote you yesterday." By the terms of their contract with Holton & Nickerson, the plaintiffs were entitled to insist that the deposit should be made as a condition precedent to performance on their part ; and that they did so insist, and relied upon the information given them by the defendant, is apparent from the unquestioned fact that not until, but immediately upon the receipt of the defendant's telegram, or telegram and letter (it is not very important which), they shipped the machinery. When the defendant telegraphed to the plaintiffs that the " *required deposit* " had been made, this was equivalent to informing them that the deposit required by the agreement between the plaintiffs and Holton & Nickerson had been made, upon such condi- as the agreement permitted. What the deposit re-

Blandy et al. v. Raguet.

quired was, and what were the conditions upon which it was to be made, it was the defendant's duty to ascertain before he gave the plaintiffs information upon which they had the right to act, and upon the faith of which they did act in shipping the machinery.

If the defendant knowing the nature and conditions of the deposit required, received it upon other terms, and intentionally misinformed and misled the plaintiff, he can certainly make nothing by such conduct; and if he did not take the precaution to ascertain what the nature and conditions of the deposit required were, but received it upon terms inconsistent with the agreement between the plaintiffs and Nickerson & Holton, he did so at his peril, and in his own fault and negligence, and must bear the consequences.

Under such circumstances he is estopped from denying that the information which he gave to the plaintiffs, and upon which they acted was true; and as by the agreement between Nickerson & Holton and the plaintiffs, if the deposit did not from the moment when it was made become the absolute property of the plaintiffs, it was certainly subject to their order upon fulfillment on their part, actual or accepted, it follows that the defendant is estopped from denying that he received and held it accordingly. The court below was therefore right in excluding evidence of any private agreement between the defendant and Nickerson & Holton in reference to the disposition of the deposit, or the terms upon which it was made or received, inconsistent with the right of the plaintiffs to receive it upon the actual or accepted fulfillment of the contract on their part. If the contract was substantially performed on the part of the plaintiffs according to its terms, or if a substituted performance somewhat deviating from the terms of the contract was accepted by Nickerson & Holton, then in the absence of fraud or mis-

take undiscovered at the time of such acceptance, Nickerson & Holton could have no defense against the plaintiff on account of the non-fulfillment of the contract; and if *they* could not defend, certainly the *defendant* could not ; he is but their representative, and could have no defense for himself, none which his principals did not have.  The action of the court below in excluding evidence offered for the purpose of showing that the machinery had been shipped by rail, and not by boat, and that Nickerson & Holton were delayed, and suffered damage in consequence of the non-shipment of the cold water pump, was not prejudicial to the defendant's rights, inasmuch as the court stated that the defendant might show that the machinery had not arrived and been set up at the time when the deposit was demanded of the defendant by the plaintiffs.  The instructions given by the court to the jury (and we do not deem it necessary to consider them in detail) were substantially in accordance with the views which we have expressed.  They were sufficiently favorable to the defendant at any rate, and there is no error in them of which he can complain.  The defense of former action pending was pleaded in this case.  This former action was an action of claim and delivery, in which, as the sheriff's return shows, personal service had been made upon the defendant, but the sheriff had not taken possession of the property claimed.  The following entry had been made in the clerk's register under the title of the action: "this action is dismissed and discontinued by the above named plaintiffs."  (Signed) "Henry J. Horn, attorney of plaintiffs."  Notice of such dismissal had also been served upon the defendant.

Our statute (*Sec.* 242, *p.* 484, *Gen. Stat.*) provides that an action may be dismissed "by the plaintiff himself at any time before trial, if a provisional remedy has not been al-

Blandy et al. v. Raguet.

lowed, or counter claim made, * * by an entry in the clerk's register, and a notice served on the adverse party." Inasmuch as the property claimed had not been taken possession of, we do not think a provisional remedy had been allowed in the case in the spirit and meaning of the statute. By the terms of the statute, the entry and notice were sufficient to effect a dismissal, without an entry of judgment, and without the payment of costs. See also *Gerrish vs. Brewster*, 6 *Minn.*, 63.

It is claimed that the entry was ineffectual because not made by the *clerk;* but we think the entry of dismissal may properly be made by the plaintiff's attorney. There are several other points made upon the appellant's brief, which we have not overlooked, but which we do not deem it necessary to discuss.

Order denying new trial affirmed.