MARY D. WILLIAMS AND HUSBAND

*vs.*

FRANK McGRADE, *et al.*

This case was tried by a jury in October, 1866, and a verdict returned for plaintiffs against all the defendants except M. A new trial was ordered, and had March 17th, 1869, resulting in a verdict for plaintiffs against all the defendants excepting M. and R. One G. sat as a juror in both trials, but this fact was not known to any of the parties, plaintiff or defendant, or to the counsel on either side, till after the trial, though the clerk's minutes of the proceedings at the former trial contained a list of the jurors. *Held*, that the defendants were not chargeable with negligence in not ascertaining the ground of objection from the record; that the objection might be taken after verdict, and that it was not necessary in order to the obtaining a new trial, that the defendants should show affirmatively, that injury had resulted to them from the admission of such juror as a juror on the second trial.

C., a deputy sheriff, took certain sheep of plaintiff, Mary D. Williams, on executions issued against her husband. Said plaintiff and husband thereupon brought an action against M., the sheriff, to recover the possession thereof, as her property, and they were taken by the coroner from the deputy on proceedings duly had therefor. A counter-bond having been duly given by the sheriff, the coroner re-delivered the sheep to the deputy, who sold the same on said executions. On the same day, B. and P., attorneys at law, appeared for the sheriff in said action. Before the time for answering therein had expired, plaintiffs served a notice of dismissal of said action on them, and filed it with the clerk of the court, who made no other entry in the register of actions, than the fact of such filing. Plaintiffs thereafter, on the same day, commenced an action in the nature of an action of trespass *de bonis asportatis*, against the sheriff and deputy, the attorney for the judgment creditors, the creditors, the purchaser of the larger portion of the sheep, the sureties on the counter-bond, and the persons to whom such purchaser delivered the

Williams v. McGrade et al.

sheep so purchased. The sheriff, alone of said defendants, alleged in defence, the pendency of said former action. At the trial, the foregoing facts appearing in evidence, the defendants moved to dismiss, because, a counter-bond having been given, the. sheep were in the custody of the law and irrepleviable, and the plaintiffs had neither possession of said property, nor right of possession thereof at the time of commission of the acts complained of, or at the time of the commencement of this action, which ;was denied. *Held*, that the former action was pending against the sheriff, although defendants' attorneys did not return said notice of dismissal. That the motion to dismiss was properly denied, this not being an action to replevy the sheep, but to recover damages for the unlawful taking, and the motion being general in its terms, while the deputy and all who abetted him in an unlawful taking, would be at all events, liable to an action as trespassers, notwithstanding the allowance of such provisional remedy in the action against the sheriff, or the fact that upon the giving the counter-bond, the sheep had been re-delivered to the deputy.

This case was before this court upon an appeal by defendants from an order of the district court refusing a new trial, and was heard and determined at the January term, 1868, (13 *Minn.* 46,) the order of the district court being reversed. Upon another trial a verdict was rendered for plaintiffs, and the defendants bring this appeal from the order of the district court refusing a new trial. The case is sufficiently stated in the opinion.

L. M. BROWN, for Appellants.

R. A. IRWIN and M. J. SEVERANCE, for Respondents.

*By the Court.*—RIPLEY, CH. J.—This action was brought to recover the possession of certain sheep and lambs alleged to have been the separate property of Mrs. Williams, with damages for the taking thereof from her by defendants.

The case was tried by a jury in October, 1866, and a verdict

returned for the plantiffs against all the defendants except McGrade.

Upon an appeal to this court from the order of the district court denying a new trial, that order was reversed and a new trial granted. Such new trial was had March 17th, 1869, and resulted in a verdict for the plantiffs against all the defendants excepting said McGrade, and Reis. The action was thereupon dismissed against them.

One Frederick Greenhagen sat as a juror on both trials, but this fact was not known to any of the parties, plaintiff or defendant, or to any of the counsel on either side, till after the trial. Upon becoming apprised thereof, defendants, upon that ground, moved on affidavits, and also on a case settled, and the points therein raised and appearing, for a new trial, and also for a decision of the motion for a dismissal of the action made at the trial, and reserved by the court; and the defendants, except said McGrade and Reis, appeal to this court from the order of the district court denying such motion.

Said Greenhagen was disqualified as a juror upon said last trial, by reason of implied bias. *Gen. Stat. ch. 66, sec. 208, ch. 116, sec. 19, sub. 6, 7.*

It is said by Mr. Justice Woodbury, and as it seems to us correctly, that it is doubtless the better opinion, among some conflicting views, that a cause of challenge which goes to the partiality of a juror may be taken advantage of after verdict. Yet it is a reasonable and uniform qualification of this rule, that the cause of challenge must not have been known to the party or his counsel at the trial, because if then known he ought to have availed himself of it; and a neglect to do it, is his own folly, or misfortune, unless he intended, as is the natural presumption from his silence, to waive altogether any objection. *Rollins vs. Ames*, 2 *N. H.* 349.

Williams v. McGrade et al.

The defendants and their counsel were, in the case before us ignorant in point of fact of the incompetency of the juror.

But it is urged, that the clerk's minutes of the proceedings at the former trial contained a list of the jurors, and that defendants are chargeable with notice of all that is contained in the records of the court relative to the action, and, therefore, of the fact that such juror sat in the former trial, whether they in fact remembered it or not; that is to say, that a waiver of the objection will be presumed, unless the party complaining show that he was constructively as well as actually ignorant of it.

It is quite evident that such a rule might work injustice, in practice, nor have we found it thus laid down. *Herndon vs. Bradshaw*, 2 *Bibb.* 45, is directly in point to the contrary. In that case, a juror who had served on the first trial, was put on the second trial, and was incompetent for that reason, and might have been challenged before he was sworn; it was held that as that cause of challenge was not known to the party until after the finding of the verdict, it furnished a good cause for a new trial.

Where a party is chargeable with negligence in not ascertaining the ground of objection from the record, it would, of course, be right to hold him to have notice of it.

Therefore, where a juror was surety upon the appeal bond in the case, it was held that not to know that security was given, and who that security was, was culpable laches and inattention on the part of the other party, from the effects of which the court could not relieve. *Dudley's Geo. Rep.*, 85; 2 *Gra. & Waterman*, 472.

The facts in this case, however, are widely different. We do not think that where, as in this case, nearly three years elapsed between the first and seocnd trial, the party or counsel could reasonably be presumed to remember who all the jurors

Williams v. McGrade et al.

at the former trial were. It appears from the affidavit of the clerk, that he, though he had recorded the fact, did not remember that Greenhagen had served before, and the only one of the counsel who was present at the former trial had no personal knowledge or acquaintance with any of the jurors, except one, not Greenhagen. We think, with the defendants, that after such a length of time they might well be excused for not recollecting that it was *possible* that some juror might have sat in the case before, and might rely on sufficient integrity or intelligence on his part to let it be known that he had. In *Rice vs. State,* 16 *Ind.* 298, one of the jurors had been a member of the grand jury which found the indictment, yet it was held that the defendant was not chargeable with negligence in not discovering the fact till after verdict, and he was allowed then to make the objection.

The position assumed by the plaintiffs, that the defendants must show affirmatively that they were injured by the admission of the jurors on the first trial, as on the second trial, cannot be supported. While it is true that if the case were so clear for plaintiffs as to make it *certain* that the fact that the juror sat in the former *could not* have affected the result, justice might not require the verdict to be disturbed, it is evident that this cannot be said of the case made on this record. We are, therefore, of opinion that a new trial must be granted.

This renders it unnecessary to pass upon any other question involved in this appeal, except that raised by the motion to dismiss the action, made at the trial.

As to this it appears that upon the trial, the plaintiffs were allowed to amend their complaint so as to make the action one in the nature of an action of trespass *de bonis asportatis,* to which no objection was made by defendants, and the case was tried as if such amendments had been made before trial.

Williams v. McGrade et al.

Of course, in considering the motion to dismiss it must be treated as if such amendments had been so made. Indeed, nothing appearing to the contrary, the amendment should be taken to have been allowed at the proper and customary time, i. e., before opening the case to the jury.

After the plaintiffs had rested, the defendants proved that on Aug. 7th, 1865, about the time of the opening of the sale of these sheep upon executions under which the defendants justify, the present plaintiffs commenced an action of replevin in the district court against McGrade, for the same sheep, and the coroner took them from the deputy sheriff upon proper papers made and issued in such action. Said deputy then adjourned the sale till two o'clock P. M., and in the meantime a counter-bond, with sureties as provided by law in such cases, was executed and delivered to the coroner, who thereupon re-delivered the sheep to the deputy, and he sold them at the hour of adjournment. The same day Brown & Peck, attorneys residing at Shakopee, were retained and gave notice of appearance to defend in said action. On the 19th day of August, plaintiffs' attorney served a notice of dismissal of said action on them, and filed said notice with the clerk of said court, who made no other entry in the register of actions, than the fact of such filing. Plaintiffs thereafter, on the same day, commenced this action against the sheriff and deputy, the attorney for the judgment creditors, the creditors, the purchaser of the larger portion of the sheep, the sureties on said counter-bond, and the persons to whom such purchaser delivered the sheep so purchased.

It appears to us that a provisional remedy had been allowed in the action against McGrade, (14 *Minn.* 496.) The plaintiffs, however, contend that the action was nevertheless dismissed under Gen. Stat., ch. 66, sec. 242, sub. 2, because the defendants' attorneys did not return the notice of dismissal served on

them, and that keeping it was a consent by them to such dismissal.

By the sub-division referred to, however, the consent must be *in writing*.

The action was, therefore, pending against McGrade, and in his answer to this action such pendency is pleaded by him, and that it was for the same cause of action in defence hereof, but it is pleaded by him only, of the defendants, herein. Plaintiffs' reply takes issue on the plea.

After the defendants had proved the facts above recited, they moved that this action be dismissed for the following reasons :

1st. Because at the time of the commencement of this action the property was in the custody of the law and irrepleviable.

2d. Because the plaintiffs had neither the possession of the said property, nor right of possession thereof, at the time of the commission of the acts complained of, or at the time of the commencement of this action.

The court reserved the question for future decision ; McGrade was acquitted by the jury, and the action dismissed as against him. On the motion for a new trial, the court overruled the motion to dismiss as against the other defendants.

The rule is, that the pendency of a former action is matter of abatement, and waived if not pleaded. But whether under any possible exception to such rule, any defendant but McGrade could have had the benefit of this plea, or of the facts proved under it, on this motion, we need not consider, for the motion is based altogether upon the fact of the giving of the counter-bond, and re-delivery of the sheep to the deputy thereunder, a fact which is in no sense a component part of a plea of the pendency of a former action, nor was it in point of fact pleaded in this case, but proved at the trial, without

Williams v. McGrade et al.

objection.   Considering it as properly before the court, it is evident that it furnished no ground for granting the motion.

With respect to the first ground of the motion, that the sheep were irrepleviable, it is sufficient to say that the present action is not to replevy the sheep, but trespass for the unlawful taking.

The second is equally untenable.   As the case stood when this motion was made, Mrs. Williams is to be taken as the owner of the sheep, and constructively in possession of them. The deputy, therefore, and all who advised or aided or abetted in taking them from her were to be considered trespassers, and liable to this action.   They were none the less so because of the allowance of the provisional remedy in the action against McGrade, or of the re-delivery of the sheep on the counter-bond.

To maintain trespass it is necessary to prove possession, actual or constructive, *when the injury was committed*, not at the commencement of the action.

Plaintiffs had proved that Mrs. Williams had such possession when the sheep were taken on the executions as the property of H. H. Williams, which taking, according to the answer, is the taking complained of.

It is not necessary for us to consider what McGrade's rights might have been under the state of facts shown at the time the motion was made.

The motion was general, but some of the defendants might be liable though he should have been entitled to dismissal of the action against him.

The court below, therefore, did not err in overruling the motion.

Order denying a new trial reversed.