## THE PEOPLE *v.* REECE ET AL.

A DEFENDANT CHARGED WITH A PUBLIC OFFENSE HAS A RIGHT TO A TRIAL by a constitutional jury of twelve persons qualified under the law to act as jurors, and when tried for a felony may, by a motion for a new trial, raise the question whether the jury which convicted the defendant was composed of persons qualified under the law to act as jurors.

THE REASONABLE PRESUMPTION IS THAT THE JURY LIST MADE UP AS THE LAW DIRECTS CONTAINS THE NAMES OF NONE BUT QUALIFIED JURORS, and when a juror is called, and in answer to a question put to him under the direction of the court states he is a citizen of the United States, and a defendant on trial for a felony has no reason to doubt such statement, but relying on its truthfulness accepts such juror, a new trial will be granted if it shall afterward appear, though first discovered after verdict, that the juror did not possess the qualification of citizenship.

APPEAL from the second district court. The defendants moved for a new trial upon affidavits on the ground of—1. Newly discovered evidence in this, that the juror Joseph Morris was an alien; 2. That the juror Morris was at the time of the verdict an alien, which fact was unknown to defendants at the trial, but was first discovered after verdict.

*J. S. Boreman and C. M. Hawly*, for the appellants.

The constitution of the United States, which is the supreme law in the territory (Organic Act, sec. 17), guarantees to the accused a trial by an " impartial jury."

The "jury" mentioned in the constitution means a jury as known at common law, and such was a jury of twelve men who were citizens. An alien could not be a juror at common law: Wharton's Law Dict., title Jury; Cooley's Const. Lim., 319; *Work* v. *State*, 2 Ohio St. 296; *Quinn* v. *Hulburt*, 52 Vt. 365; *John* v. *People*, 26 Mich. 427; *Hill* v. *People*, 26 Id. 357; 3 Bla. Com. 362. The Poland bill says that jurors shall be citizens.

The defendants' failure to challenge the juror Morris should not be construed as a waiver of their objection to the juror on account of his alienage, when such alienage was unknown to the appellants until after conviction. A waiver would imply knowledge and consent, neither of which existed in this case: *Hill* v. *People*, 16 Mich. 351; *State* v. *Polson*, 29 Iowa, 133; *Commonwealth* v. *Daily*, 12 Cush. 80; *Smith* v. *Pollock*, 2 Cal. 92; *Treadway* v. *Wilder*, 12 Nev. 108; *State* v. *McClean*, 11 Id. 39.

But defendants could not, on a criminal charge, waive their constitutional right to be tried by a legal jury, and the conviction by any other than a legal jury is void: *Allen* v. *State*, 54 Ind. 461; *Cancemi* v. *People*, 18 N. Y. 128; *Bell* v. *State*, 44 Ala. 393; *Williams* v. *State*, 12 Ohio St. 622; *People* v. *Smith*, 9 Mich. 193; *Bond* v. *State*, 17 Ark. 290; *Hill* v. *People*, 16 Mich. 351; *People* v. *O'Neil*, 48 Cal. 257.

It is the duty of the people to list and furnish qualified jurors, and the appellants had the right to presume that Morris (as well as the other jurors) was qualified to act, especially as he, upon being interrogated, answered that he was a citizen, and really thinking that he was such. The ap-

pellants raised the objection to Morris as soon as it came to their knowledge: *Hill* v. *People,* 16 Mich. 357.

*Zera Snow, assistant U. S. district attorney,* for the respondent.

Permitting the juror Morris to sit, in ignorance of the fact of his disqualification, was not an " error at law occurring at the trial and excepted to by the defendant;" the motion for a new trial, therefore, was properly denied, for, hard as the rule may appear to be, there is no way of raising the question of the alienage of the juror as a ground for a new trial under the statute.

The statute having expressed the grounds upon which a defendant may move for a new trial, it excludes all other grounds: *People* v. *Fair,* 43 Cal. 145; *People* v. *Mortimer,* 46 Id. 115; *People* v. *Southwell,* Id. 141; *People* v. *Colby,* 54 Id. 37; *People* v. *Hunter,* Id. 65.

The illegality, if such it be, has been waived by failure to challenge. Defendants may waive statutory and even constitutional rights.

The defendants are bound to know what by the exercise of their statutory rights they could have known. Had they shown a tithe of the diligence before the jury was sworn and while it was being impaneled which they exhibited after verdict, the very illegality which they, after taking chances of a favorable verdict, now complain of could have been corrected. They could not have been deceived by the answer of the juror to the public prosecutor, that he was a citizen, because that was a legal opinion of the juror.

The defendants' duty was to examine the juror, and ascertain the facts, and challenge. The statute gave them this right. Having failed to exercise it, they waived the error: 2 Graham & Watterman on New Trials, 282; *Greenup* v. *Stoker,* 3 Gilm. 202; *Queen* v. *Hapburn,* 7 Cranch, 297; *Lisle* v. *State,* 6 Mo. 426; *Hollingworth* v. *Duane,* 4 Dall. 353; *People* v. *Chung Lit,* 17 Cal. 521; *People* v. *Henderson,* 18 Id. 466; *Rex* v. *Sutton,* 15 Eng. Com. L. 252; *Chase* v. *People,* 40 Ill. 357.

In harmony with these cases are: *People* v. *Jewett,* 3 Wend. 321–323; *People* v. *Jewett,* 6 Id. 389; *People* v. *Mather,*

4 Id. 229; and see *Lisle* v. *State*, 6 Mo. 431; and remarks of Marshall, C. J., in *Queen* v. *Hapburn*, 7 Cranch, 297; *State* v. *Quarrel*, 2 Bay, 150.

The defendants have taken the chances of verdict of acquittal, which, with the jury as impaneled, would have barred further prosecution. They have not availed themselves of examination and challenge, which the law gave them, and they ought not now to be heard to complain. Citizenship is a purely arbitrary qualification for jurors; not inherently a necessary one. They have not been prejudiced in any substantial right, and the verdict should not be disturbed: Cr. Pr. Act, 1878, sec. 479.

TWISS, J.:

The indictment in this case charges the defendant Ellis Reece, and four others, with the crime of house-breaking. Upon the trial there was a verdict of guilty.

The defendants filed a motion for a new trial, based upon several grounds, one of which was that Joseph S. Morris, one of the jury before which the defendants were tried, was not a citizen of the United States. The affidavits in support of the motion also state that neither of the defendants knew or had reason to believe that Morris was not a citizen until after the verdict. These statements were not denied by the prosecution, but were admitted to be true. The juror, upon his examination under oath as to his qualifications, said he was a citizen of the United States. The motion for a new trial was overruled, and judgment was rendered on the verdict. The defendants appealed to this court. The only question before us is, Did the court below err in overruling the motion?

The act of congress, approved June 23, 1874, commonly known as the Poland bill, provides that the clerk of the district court in each judicial district, and the judge of probate of the county in which the district court is next to be holden, shall prepare a jury list of two hundred names, citizens of the United States, from which grand and petit jurors shall be drawn. The criminal procedure act of this territory provides that "every male citizen of the United States is an eligible juror, who is over twenty-one years of age," and who possesses certain other qualifications specifically stated. The

jurors being drawn from the list prepared in the light of these two statutory provisions, defendant may reasonably presume that the names of none but citizens of the United States are upon it, and we are of the opinion that when a man presents himself in court in obedience to a summons requiring him to appear as a juror, and in answer to a question put to him under the direction of the court as to his qualifications as a juror, says he is a citizen of the United States, and the defendant in a criminal cause, charged with a felony, has no reason to doubt the truthfulness of said statement, such defendant may examine such juror as to his qualifications under the territorial statutes without further reference to the primal or fundamental qualifications of citizenship; although after the verdict he may learn that the juror was mistaken in his statement, and that in fact he was not a citizen, and not thereby waive his right to a trial by a constitutional jury of twelve men, possessing the qualifications of citizenship: *Hill* v. *People,* 16 Mich. 851; *Quinn* v. *Hulburt,* 52 Vt. 365.

As there was not only no intention to waive the qualification, but no negligence or want of watchfulness on the part of the defendants, which ordinarily would work a waiver of a right, we can not hold that the facts in this case are such as should deprive the defendants of this important constitutional right.

The court is therefore of the opinion that the motion for a new trial ought to have been sustained, and a new trial granted; that the judgment of the district court be reversed, the case remanded, and a new trial ordered.

HUNTER, C. J., and EMERSON, J., concurred.