## THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, *v.* W. WALTER LEWIS, APPELLANT.

NEW TRIAL—WAIVER OF CHALLENGE.—The fact that one of the jury who tried defendant was one of the grand jury that found the indictment against him, where no question was asked of such juror touching the point, and no challenge for cause made, is not ground for granting a new trial.

APPEAL from a judgment of conviction of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Mr. James N. Kimball,* for appellant.

*Mr. Charles S. Varian,* for respondent.

TWISS, J.:

At the May term, 1884, of the first district court, the grand jury of that district found and presented an indictment against the defendant, charging him with the crime of grand larceny.

Upon trial, in the following November, there was a verdict of guilty, and judgment thereon.

The only ground upon which this court is asked to reverse the judgment is, that one John King, one of the trial jury which found the defendant guilty, was one of the grand jury which found the indictment against him.

Neither the defendant nor his counsel at the time of the trial knew that King was one of the grand jury that found the indictment. But after verdict and before judgment, the defendant moved for a new trial, based among others upon the ground that the juror King was on the grand jury that found the indictment against the defendant.

This motion was overruled, and from the order of the court overruling the motion, and from the judgment, the defendant appeals to this court.

Upon the trial twelve persons were called as jurors, and were sworn upon the *voir dire,* and interrogated by the

prosecuting attorney as to their statutory qualifications, to which there was no answer.

The jurors were then examined by counsel for the defendant, as follows:

Q. "Are any of you acquainted with the defendant, Walter Lewis, here?"

Q. "Have any of you heard so much about his case as to form or express an opinion—an unqualified opinion—concerning his guilt or innocence? If any of you have, make it known. I will not put questions directly to each of you."

Two other questions followed this, evidently for the purpose of learning if any of the jurors were related to the prosecuting witness, and if they had formed or expressed an opinion from anything they had heard him say. The counsel then said, "you don't seem to answer and I will not put the question to any of you particularly."

It is claimed by the defense, that the failure in the examination of the jury upon the *voir dire*, to elicit from this juror the fact of his being one of the grand jury which found the indictment against the defendant, was not a waiver of the objection, and that it is still good and available to them. The cases of *The People* v. *Reese et al.*, 3 Utah 72, and *Rice* v. *State*, 16 Ind. 298, are relied upon in support of this position.

In *People* v. *Reese*, the juror, Morris, was an alien, which is a general disqualification from serving in any case, and upon an examination by the prosecution upon the *voir dire*, he answered that he was a citizen of the United States; the defense asked no questions upon the subject, and not having reason to doubt the statement of the juror, went to trial. This court did not pass upon the much discussed, often, but never finally decided question, of the right or power of a defendant in a criminal case, to waive a trial by a jury of twelve citizens. We are of the opinion, that a decision of that question was not necessary (notwithstanding the argument of the prosecution in this case that it was), as it was apparent from the facts of the case that the defendant did not intend to waive this right. The court in its opinion, say, "as there was not only no intention to

waive this qualification, but no negligence or want of watchfulness on the part of the defendants, which ordinarily would work a waiver of a right, we cannot hold that the facts in the case are such as should deprive the defendants of this important constitutional right."

The case of *Rice* v. *State* is a strong case. Most of the facts are quite like those before us; and the learned counsel for the defense placed much reliance upon it in his argument, but it differs from the case at bar in one important respect. The juror in that case "disclaimed having formed or expressed any opinion as to the guilt or innocence of the accused." Taking into consideration the timidity and the apparent unwillingness of many jurors to answer questions unless they are individually interrogated, with the fact that no statement of the case, or the facts relied upon, as constituting the alleged offense, was made to the jurors, it is not surprising that there was no response to the question of the counsel for the defendant, for, unless they knew what the case alleged against the defendant was, they could not well know whether they had an opinion as to his guilt or innocence or not.

The fact that the juror served on the grand jury which found the indictment was good ground for challenge for implied bias, if made after the juror was called, and before he was sworn to try the case: Crim. Prac. Act, 1878, sec. 239. A challenge for cause may be taken by either party. It is an objection to a particular juror, and is either: 1. General—that the juror is disqualified from serving in any case, or: 2. Particular—that he is disqualified from serving in the action on trial.

Sec. 240. General causes of challenge are:

1. A conviction for felony.

2. A want of any of the qualifications prescribed by law to render a person a competent juror.

3. Unsoundness of mind, or such defect in the faculties of mind or organs of the body as render him incapable of performing his duties as a juror.

Sec. 241. A particular cause of challenge is:

1. For such a bias as, when the existence of the facts

is ascertained, in judgment of law, disqualifies the juror, and is known in this act as implied bias.  .   .   .

Sec. 242.   A challenge for implied bias may be taken for all or any of the following causes, and for no other.  .   .   .

4. Having served on the grand jury which found the indictment.

But the challenge was not made.   The failure to make it at the time required by the statute, was a failure to make it at a time when it could have been successfully made, with no greater interruption of the case than the retiring of one juror, and calling of another to take his place.   It is one thing to excuse a juror upon a challenge substantiated by his own statement, but quite another to set aside a verdict after the necessary labor and expense of a trial; and some considerable degree of watchfulness is required of parties in eliciting facts pertaining to the qualification of jurors.   They should not be permitted, indifferently, to pass over this important matter, and, after an awakening caused by an unfavorable verdict, successfully to move for a new trial, when a little more vigilance at the right time would have discovered good ground of challenge.

An express unqualified answer that the juror is a citizen, or that he has not formed or expressed an opinion as to the guilt or innocence of the accused, is sufficient to relieve the defense from further investigation, unless there is something to put the party upon further inquiry.   But we are of the opinion that mere reticence, when the twelve jurors are briefly and generally interrogated as to whether they have an opinion as to the guilt or innocence of the accused, is not, especially if there was no statement to the jurors of the facts set forth in the indictment as constituting the alleged offense.

The judgment of the district court is affirmed.

ZANE, C. J., and EMERSON, J., concurred.