UNITED STATES, APPELLANT, *v.* S. B. CHRISTENSEN, RESPONDENT.

CRIMINAL LAW—JUROR—VOIR DIRE—BIAS.—Where a juror being examined upon his *voir dire* was asked if he knew the defendant, if he knew any of the witnesses named on the back of the indictment, if he had talked with any one regarding the case, and whether he had ever formed or expressed an opinion as to the guilt or innocence of the defendant, and answered no to each question, but it was found, after a verdict of guilty that he had been on the grand jury that found the indictment; *held* that a new trial was properly granted when the defendant had no notice of the disqualification before verdict.

APPEAL from an order of the district court of the first district granting a new trial.

The Utah statute upon granting a new trial in criminal cases, Sec. 318, Criminal Code, Sec. 5094, 2 Comp. Laws, 1888, 719, is as follows:

"When a verdict has been rendered against the defendant, the court may, upon his application, grant a new trial in the following cases only:

"1. When the trial has been had in his absence, if the indictment is for a felony.

"2. When the jury has received any evidence out of court, other than that resulting from a view of the premises.

"3. When the jury has separated without leave of the court, after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case may have been prevented.

"4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors.

"5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial.

"6. When the verdict is contrary to law or evidence.

"7. When new evidence is discovered, material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial."

It is not stated in the opinion which of these grounds a new trial is granted upon or whether this statute is exclusive of the common law or not. The facts are found in the opinion.

*Mr. Charles S. Varian,* U. S. District Attorney, for the appellant.

*Messrs. Thurman and King* and *Mr. John B. Milner,* for the respondent.

ANDERSON, J.

The defendant was indicted for unlawful cohabitation, and was tried and convicted. He moved for a new trial upon the ground, among others, of misconduct of the jury tending to prevent a fair and due consideration of the case, based upon affidavits showing that one John

Harris, who was one of the petit jury which convicted him, was on the grand jury which found the indictment, and that the fact was not known to him or his counsel until after the verdict, and that the juror stated falsely on his *voir dire* that he had not formed or expressed an unqualified opinion as to the guilt or innocence of the accused of the offense charged. The motion was sustained, and a new trial granted, and the United States excepted to the ruling of the court, and now prosecutes this appeal from the order of the court granting a new trial. When the juror Harris was called, he was sworn on his *voir dire,* and interrogated by defendant's counsel as follows: "Do you know the defendant? Do you know any of the witnesses named on the back of the indictment? Have you talked with any person regarding this case? Have you ever formed or expressed an opinion as to the guilt or innocence of the defendant?" To each of these questions he answered in the negative, and was accepted as a juror in the case.

The only question to be determined is whether the court erred in sustaining the motion for a new trial. In the case of *People* v. *Reece,* 3 Utah 72, 2 Pac. Rep. 61, it was held that where a juror falsely stated, upon examination under oath as to his qualifications as a juror, that he was a citizen of the United States, and neither of the defendants knew or had reason to believe until after verdict that he was not a citizen, the defendants could not be deemed to have waived their right to a jury of twelve men possessing the qualification of citizenship, and, being guilty of no negligence or want of watchfulness, were entitled to have the verdict set aside, and a new trial granted. In *People* v. *Lewis,* 4 Utah 42, 5 Pac. Rep. 543, the defendant was convicted of grand larceny. One of the trial jury which convicted him was a member of the grand jury which found the indictment

against him. Neither the defendant nor his counsel knew this until after the verdict. The defendant moved for a new trial, which was overruled, and the ruling was affirmed in this court upon the ground of the defendant's negligence in not making sufficient inquiries as to the qualifications of the jurors. The jurors were sworn on their *voir dire,* and interrogated as to their statutory qualifications, to which no answer was given. Counsel for defendant then examined the jurors as follows:

"Are you acquainted with the defendant, Walter Lewis, here? Have any of you heard so much about his case as to form or express an opinion, an unqualified opinion, concerning his guilt or innocence? If any of you have, make it known. I will not put questions directly to each of you." The jurors were then asked if any of them were related to the prosecuting witness, and if they had formed or expressed an opinion from anything they had heard him say, and he added: "You don't seem to answer, and I will not put the question to any of you particularly." No statement of the facts constituting the alleged offense was made to the jurors, and ·hence, the court say, the jurors could not well have known whether they had an opinion as to the guilt or innocence of the defendant or not, and that, taking into consideration the timidity and apparent unwillingness of many jurors to answer questions unless they are individually interrogated, it is not surpris'ng that there was no response to the questions of defendant's counsel. The court was of the opinion that interrogating the jurors in such a general way was such negligence that the defendant could not, after an unfavorable verdict, successfully move for a new trial, when, with the proper diligence, good ground for a challenge of the juror would have been discovered. The court said, however, that "an express unqualified

answer that the juror is a citizen, or that he has not formed or expressed an opinion as to the guilt or innocence of the accused, is sufficient to relieve the defense from further investigation unless there is something to put the party upon further inquiry." In the present case the defendant's counsel asked the juror whether he had formed or expressed an opinion as to the guilt or innocence of the defendant, and he answered that he had not, and under the ruling in *People* v. *Lewis, supra,* the defendant was not bound to pursue the investigation further. It is not shown that the juror Harris had formed or expressed an unqualified opinion as to the guilt or innocence of the defendant further than the fact that he was one of the grand jury that found the indictment against him, and as to this fact he was not interrogated. The case of *Rice* v. *State,* 16 Ind. 298, was precisely like the one at bar in its facts. One of the trial jurors had been one of the grand jury which found the indictment. The juror was not asked as to whether he had been on the grand jury that found the indictment, but was asked whether he had formed or expressed an opinion as to the guilt or innocence of the accused, and answered that he had not. The fact that he had been on the grand jury was not discovered until after verdict, and, on a motion for a new trial, the affidavit of the juror was filed in support of the verdict to the effect that at the time of being examined he had no opinion as to the defendant's guilt, and had forgotten the circumstance of his having been on the grand jury. The court held that the defendant was entitled to a new trial, and was guilty of no negligence in not sooner discovering the fact of the juror's incompetency, but that, if the fact had been known to the accused at the time the jury was accepted and sworn, he could not afterwards have been heard to make the objection.

An objection to a juror such as is raised in this case is not like merely technical disqualifications, such as alienage, non-residence, and the like, which do not tend to impeach the fairness and impartiality of the jury. It is possibly true that the juror in this case had no opinion at the time of his examination as to the guilt or innocence of the accused. He may have forgotten that he was on the grand jury that found the indictment. He may have voted against finding the indictment, or may have been absent when it was found, as twelve of the fifteen jurors constitute a quorum, and may transact business; but the presumptions of the law are all to the contrary, and, in the absence of any showing to that effect, he must be presumed to have participated in the finding of the indictment, and to have formed an opinion as to the guilt or innocence of the defendant. It might be possible also, even if the juror had formed an unqualified belief of the defendant's guilt from the evidence submitted to the grand jury, to change the opinion by evidence at the trial, if he were a man of candor and intelligence. But the defendant has a right to be tried by an impartial jury. A juror who, acting on his own oath as a grand juror, and upon the sworn testimony of witnesses, has already formed an opinion as to the defendant's guilt, and has solemnly accused him of a crime, should not be deemed an impartial or proper juror to try him. Having served on the grand jury which found the indictment, and having formed or expressed an unqualified opinion or belief that the prisoner is guilty or not guilty of the offense charged, are each a ground of challenge to a juror for implied bias. 2 Comp. Laws 1888, § 5022, subds. 4, 8. And where the accused properly examines the jurors concerning their qualifications, and they do not answer truthfully, he is thereby not only deprived of his right of challenge for cause, but

may also be prevented from exercising his right of peremptory challenge. If, in such a case, a defendant, in trying to ascertain whether the jurors are competent or not, without negligence on his part, is denied a new trial, the greatest injustice might be done. In this case the names of the grand jurors did not appear on the indictment, the law only requiring that the name of the foreman should appear; and there was nothing to notify defendant that the juror had been on the grand jury that found the indictment, nor to put him on inquiry. It is true if he had searched the records of the court he would have ascertained that fact, and it would have been commendable prudence and diligence to have done so; but we do not think his failure to do so is such negligence as should deprive him of the right to be tried by an impartial jury, especially in view of the false answer given by the juror. The motion for a new trial was properly granted. In support of the views above expressed, see *Com.* v. *Hussey,* 13 Mass. 221; *Dilworth* v. *Com.,* 65 Amer. Dec. 264; *Bennett* v. *State,* 24 Wis. 57; Hayne, New Trials, § 45, and cases cited. See, also, section 64. Our attention has been called to a number of cases where, upon the same state of facts as are presented here, a different conclusion has been reached, but we think the weight of authority as well as of reason is in accordance with this opinion. The ruling of the district court is affirmed.

ZANE, C. J., and HENDERSON, J., concurred.