Plaintiff in error was plaintiff below. The action was for damages. The plaintiff i a deaf and dumb boy, seven or eight years old, while on- the streets of, the city was run over by one of defendant’s cars and suffered the loss of both legs. Verdict was for the traction company. Motions for new trial were duly filed, and several grounds were alleged, among others misconduct of jurors. The motions were overruled, and judgment entered upon the verdict. This proceeding is brought to reverse the proceedings below, and a number of errors are assigned, but we deem it necessary to oonsired but one, viz, misconduct of jurors.
The bill of exceptions shows the panel of the regular jury of the term incomplete, and the court directed the constable to fill the panel from the by-standers. This being done, the jury was sworn upon the voir dire and plaintiff’s counsel asked the jurors whether they had served as jurors within the year. *576 All answered “no” with the exception of W. G. McIntyre, William Sterner and John Behymer, who answered affirmatively. Mr. McIntyre detailed his previous service during the preceding twelve months and was promptly challenged by plaintiff and excused by the court under Section 5176-9. After juror McIntyre had explained his service and was excused, counsel for plaintiff asked Mr. Sterner, “Have you served as juror within a year?” Defendant in error claims juror answered as follows: “Yes, sir; on the last case, last term, right in this chair.” Whereupon counsel said, “Oh! You are a member of this jury,” or “Oh! you' have been a member of this jury?” Juror answered, “Yes, sir,” and offered nothing further. The juror Behymer was similarly interrogated and answered that he served “the last four days of the last term, right here in this box.” No further information was volunteered by him, and the jury was sworn. Plaintiff exercised but one peremptory challenge. Plaintiff in error claims that he was deceived by the misconduct of the jurors in failing to answer truthfully, and that he was thus prevented from exercising his challenge under Revised Statutes, 5176-9, or his remaining peremptory challenge.
In support of his motions he filed the affidavits of three reputable persons, to the effect, .that when the question as indicated was put to' the jurors, nothing was said by them with regard to service at the last term. The challenge to Mr. McIntyre shows that plaintiff intended availing himself of the provisions of Section 5176-9, and it was difficult to understand why, if Behymer and Sterner answered as they claim they did (using the words “last term”), no challenge was interposed as to them. 'Even if they answered as is claimed for them, there can be but little doubt that because of the peculiar answers given, counsel understood their answers to refer to current service in the box, in that room, because the answers of both, it will be noticed, restricted the services they described as jurors, to that very box. It will also be borne in mind that the “last term” ended the preceding Saturday.
To permit litigants,to secure new trials on the ground that ¡answers of jurors had ■beep, misunderstood, wild certainly be *577 novel as well as dangerous, and courts should be ch-arry of granting relief upon such pretexts. But where it becomes manifest that a misunderstanding did ensue, because of the equivocation, evasion or concealment of the juror, we think that abstract justice requires a remedy.
In the particular case under consideration, there was evasion and concealment of facts- by the jurors, which under circumstances entirely their own creation, could not have been known to the plaintiff or to his counsel. That counsel misunderstood is manifest in his immediate -rejoinder (when- the juror said he served in this box) “ Oh! You have been a member of this jury, ’ ’ and the juror said “Yes,” concealing the fact that he had seen other service as a talesman during the preceding twelve months. After the verdict, it was discovered that Sterner and Behymer h-a-d served on several occasions during the preceding twelve months-, in other courts of record in Hamilton county, Ohio. Plaintiff in error claims that under such circumstances the answers were untruthful, that he lost his challenge, and was led into accepting them as jurors.
Assuming that the jurors were subject to challenge, the question is, did counsel or plaintiff in error waive any objections they might have -had! The cases hold that counsel must exercise due diligence, and that unless -he does so, he must be held to have waived objections (Eastman v. Wright, 4 O. S., 156; Hayward v. Calhoun, 2 O. S., 164; Kenrick v. Reppard, 23 O. S., 333; Watts v. Ruth, 30 O. S., 32; McGill v. The State, 34 O. S., 228). Under our authorities, due diligence is indicated when jurors are placed on the voir dire, and it seem-s where one thus inquires, or to quote the language of our Supreme Court, “endeavors to inquire” as to the qualifications -of the juror, he is not chargeable with laches (Simpson v. Pittman, 13 O., 365; Beck v. The State, 20 O. S., 228). In the case before us, the. jury was not only sworn on the voir dire but counsel put the proper question, which, as the record shows, did not elicit such answers as the terms of the question merited.
When proposed jurors are sworn, they -are sworn to tell the who-le truth and not a part -of it, -and their answers, in all fair *578 ness, should squarely meet, without evasion,, what is fairly expressed by the terms of the questions. The fact that the jurors said or failed to say they served the last term, is seriously disputed, but there is no dispute as to the limitation and qualification both placed upon their answers, when they characterized their respective service as “right here in this box,” and “right here in this chair,” when as a matter of fact, they served in other boxes', in other court rooms, during the preceding twelve months. It must have been apparent to those jurors, at least to one of them, that the answer that evoked counsel’s rejoinder as 'already set forth, had deceived counsel, and it certainly became the duty of the juror to detail fully and fairly his services during the preceding' twelve months, more especially so, as the jurors had just witnessed the discharge of juror McIntyre, for service rendered by him during the past twelve months, and as openly stated by him. When counsel for plaintiff in error interrogated as to their service, he had the right to expect the jurors would answer fully and without evasion, and considering the experience these jurors must necessarily have had, in the impanneling of juries in previous trials, it is impossible to resist the conclusion that their answers were calculated to deceive for the mere sake of having opportunity to serve as jurors. Take the case of juror Sterner. According to his own statement, he served on the “last case, last term, right in this chair.” When counsel rejoined “Oh! You have been a member of this jury?” juror answered “Yes, sir,” and lapsed into silence. The fact is, he said nothing about other jury service rendered by him during the preceding twelve months, concerning which plaintiff in error and his counsel were in total ignorance. Rehymer’s answer was equally deceptive, for when he answered that he served and.then qualified his service as “right here in this box” and offered no information in regard to other service rendered by him as a talesman, it seems to us that any ordinary careful person would be justified in supposing that the juror who 'had thus described his service with particularity, had explained all his service and had embodied all his service in his answer, and that there was no 'other. Yet, after the *579 trial, it was found that this very juror who 'defined his services as stated, had joined in a verdict for this same defendant in error but two weeks before in the common pleas court of this county.
In Rice v. The State, 16 Ind., 298, a party was held not negligent in failing to discover that a juror had been on the grand jury, even though he was not ashed the direct question, the juror having stated that he had not formed or expressed an opinion in regard to the guilt or innocence of the accused. See also United States v. Christensen, 7 Utah, 26. Failure to speak when there is a duty to speak, is as reprehensible as speaking falsely, and Lord Eldon long ago declared that “He, who undertaking to give information, gives but half information, conceals.” It was this half information, this concealment, that rendered the answers of both jurors untruthful.- • ,
In Busick v. The State, 19 O., 198, a multiplicity of errors were assigned, and our Supreme ‘ Court said it was necessary to notice but one. A juror when examined on his voir dire, said he had formed or expressed no opinion. It afterwards developed he had. The court said: ‘ ‘ The books are full of similar cases and the decision now made will only be cumulative. ” • A new trial was granted.
That plaintiff in error was clearly deceived by the answers of these jurors, there can be but little doubt, and ■thus without fault on his part, or on the part of his counsel, plaintiff was not only deprived of his challenge under Section 5176-9, but did not even attempt to exercise his remaining peremptory challenge. If these experienced jurors had fully divulged and revealed their previous services as jurors during the preceding year, is it not more than reasonable to suppose it would have become expedient for the plaintiff below to have interposed his challenge for cause, or, if necessary, his remaining peremptory challenge?
The affidavit of Mr. Stimson, of counsel for defendant in error (Exhibit “N”), is to the effect that the records of the county courts were open to the inspection, and that," therefore, service of said jurors could have been ascertained by counsel for plaint *580 iff in error. Speaking to this point, the court in United States v. Christensen, supra, very properly said:
Henry P. Kaufman, for plaintiff in error.
Kittredge & Wilby and George P. Stimson, for defendant in error.
“It is true if he had searched the records of the court he would have ascertained that fact, and it would have been commendable prudence and diligence to have done so, but we do not think his failure to have done so is such negligence as to deprive him of the right to be tried by an impartial jury, especially In view of the false answers given.”
Nor do we think it was necessary for plaintiff in error to show that these jurors were prejudiced or biased. In Watts v. Ruth, Kendrick v. Reppard, Eastman v. Wright, supra, the objection did not go to the impartiality of the juror, but the Supreme Court held that it was enough to show that counsel 'had been sufficiently diligent in examining the juror. Aside from that, we incline to the belief that a juror who fails to fairly answer the questions on the voir dire, or who evades questions, or conceals information, can not but be a more or less biased juror.
Nothing can be more essential to the proper administration of justice, than .that a party shall have a trial -by a fair, unbiased and properly constituted jury. The law wisely safeguards this right in many ways, and bestows the right to challenge with this cardinal object in view. To hold, therefore, that a party, through no fault of his own, must submit his cause to jurors whom the law disqualifies, and who, but for their own misconduct, were subject to challenge, would be tantamount to depriving the party of a substantial right. McGill v. The State, 34 O. S., 238, 239.
Under the circumstances of this case, we are of the opinion that the motion for a new trial should have been granted. The judgment below is set aside and cause remanded for a new trial.