(No. 14553.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS M. MOONEY, Plaintiff in Error.

*Opinion filed June 21, 1922.*

1. CRIMINAL LAW—*indictment for embezzlement need not conclude with charge of larceny.* Although section 75 of the Criminal Code provides that when a person shall be found guilty of the acts therein described as embezzlement he shall be deemed guilty of larceny, the statute does not require that the indictment conclude with the statement or charge that the defendant is guilty of larceny.

2. SAME—*what is gist of crime of embezzlement—indictment.* The gist of the crime of embezzlement consists in the conversion to his own use of funds of another which the defendant has in his possession by reason of a fiduciary relation between the owner and the defendant, and when this relation is stated under the charge of conversion so that it may be readily understood the indictment is sufficient and will support a general verdict of guilty.

3. SAME—*new trial will be allowed where one juror was a member of grand jury returning indictment—waiver.* Where a juror during his examination states that he has not heard of the case aside from newspaper articles and that he has formed no opinion, but the defendant discovers, after the verdict, that said juror was clerk of the grand jury which returned the indictment and as clerk took minutes during the hearing of the charge against the defendant, a new trial should be awarded, as the defendant's failure to challenge the juror under such circumstances is not a waiver of the objection to the juror's competency.

4. SAME—*State must prove all essential elements of the crime beyond a reasonable doubt—instruction.* While it is not necessary to prove beyond a reasonable doubt every link in the chain of circumstances surrounding the commission of the crime charged, the State must prove, beyond a reasonable doubt, all the essential elements of the crime or the facts necessary to constitute the crime; and it is error to instruct the jury that it is not necessary "for the People to establish each fact necessary to show guilt beyond a reasonable doubt."

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. JULIUS C. KERN, Judge, presiding.

PHILIP W. BARNES, B. O. SUMNER, and ELBERT B. VANDERVORT, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, OTTO W. LONGNECKER, State's Attorney, JAMES B. SEARCY, GEE & GEE, and SHAW & HUFFMAN, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted in the circuit court of Lawrence county on the charge of embezzlement of the funds of the Bridgeport State Bank. A bill of particulars was filed in the case setting out eighteen certain promissory notes alleged to have been placed by Mooney, who was cashier of the Bridgeport State Bank, among the assets of the bank, and the face value of said notes, amounting to $2937.41, was by Mooney taken from the funds of the bank and converted to his own use. He was convicted and brings the cause here for review.

The grounds upon which plaintiff in error seeks reversal here are, that the Lawrence county circuit court should have quashed the indictment on motion; that there was a variance between the charge and the proof as to the ownership of the property alleged to be taken; that it was error for the court to refuse to grant a new trial upon the discovery, after the return of the verdict, that one of the jurors who heard the case was a member of the grand jury which returned the indictment; and that the court erred as to instructions and admission of evidence.

The basis of the contention that the motion to quash the indictment should have been sustained is, that while the indictment was brought under section 75 of the Criminal Code, relating to embezzlement, it should have concluded with the charge of larceny, which it did not do. The indictment charges that the plaintiff in error, as cashier of the Bridgeport State Bank, feloniously embezzled and converted to his own use, with the intent to do so, a sum of money amounting to $2937.41. This was in substantial compliance with the statute. By section 75 of the Criminal Code, when a person shall be found guilty of the acts there-

in described as embezzlement he shall be deemed guilty of larceny. This does not require that the language of the indictment include the statement or charge that the defendant is guilty of larceny. The gist of the crime of embezzlement consists in the conversion to his own use of the funds of another which the defendant has in his possession by reason of a fiduciary relation existing between the defendant and the owner of the property. When this relation is stated under the charge of conversion so that it may be readily understood that is all that is required, and a general verdict of guilty is sufficient if the evidence warrants it. (*Lycan* v. *People,* 107 Ill. 423.) The crime of embezzlement is complete when there is fraudulent conversion by the accused of money or property of his employer without his consent. The distinguishing element in embezzlement is that the property is lawfully in the possession of the accused by some fiduciary relation between the accused and the owner. (*People* v. *Ehle,* 273 Ill. 424.) The indictment in this case sufficiently charges the crime of embezzlement.

As to plaintiff in error's contention that there is a variance in the record between the charge of ownership in the indictment and the proof relating to that matter, the record shows that the plaintiff in error testified that he placed a number of notes, among which were the eighteen notes in question, in the assets of the Bridgeport State Bank, which were from time to time approved, along with other assets of the bank, at the different meetings of the directors. The members of the finance committee and board of directors of the Bridgeport Bank denied that any authority was given or any conversation had tending to lend assent to any such transaction by plaintiff in error. It was a question of fact for the jury whether the ownership of the property was proved as alleged. If the jury believed that the notes were taken over by the bank from the receiver with the consent of the officers of the bank then the receiver would be the one entitled to the money, and if, on the other hand, they

believed that no such arrangement was made but that the taking of the money from the funds of the Bridgeport Bank was unauthorized, then the funds would be the funds of the bank. There was evidence in the record on behalf of the People that tended to show that the money charged to have been embezzled was the property of the bank. We cannot, therefore, say here, where the question is one of law and fact, that there was a variance between the allegations and the proof.

Concerning plaintiff in error's third contention, that an incompetent juror sat in the case, the record shows that one of the jurors, Porter Lofton, was a member and the clerk of the grand jury which returned ten indictments against plaintiff in error, including the one in question here. On motion for new trial, affidavits of plaintiff in error and others were filed to show that Lofton, whose name appears to the verdict as foreman of the jury, was a member of the grand jury which returned this indictment and other indictments against the plaintiff in error. These affidavits show that when Lofton was examined on *voir dire* a thorough examination was given him concerning any knowledge or opinion he may have had about the case; that he stated that he did not know anything about the case except what he had heard and some newspaper accounts he probably had read; that he did not remember anything about them and had no opinion as to the guilt or innocence of the defendant. It appears that not until after the verdict had been returned did it come to the knowledge of plaintiff in error or his counsel that Lofton was a member of the grand jury returning the indictment. The record also shows that Lofton was clerk of the grand jury returning the indictment in this case; that the investigation of the case against the plaintiff in error occupied about two days' time in which evidence was offered; that Lofton was present as clerk of the grand jury at that time; that he took down minutes of the evidence and was present all the time the matter

was under consideration. Counsel for plaintiff in error contend that they were deceived by the answers of this juror; that both the State's attorney and one of the special counsel employed by the People in the case had been before the grand jury and were in a position to know who constituted it. Technical disqualifications of jurors are not to be presumed to have injured the party against whom a verdict was returned in the absence of a showing of such injury, for the reason that such disqualifications do not tend to impeach the fairness or impartiality of the juror. The purpose of the law relating to the right to challenge a juror who has an opinion concerning the guilt or innocence of the accused is that he may secure a trial before a jury unprejudiced concerning the charge against him. He has a right to presume that jurors called to try him are competent, and where diligence is used in the examination of the jury it is not necessary that he anticipate possible objections unless he has notice of them or reason to suppose they exist. (*Rice* v. *State*, 16 Ind. 298.) While this question appears not to have been raised in this form in this State, similar questions have been considered in courts of other jurisdictions. In the case of *Bennett* v. *State*, 24 Wis. 57, it was held that a grand juror who has on his oath accused a person of guilt cannot be considered an impartial or a proper juror to try him. At common law a grand juror was subject to a fine if he did not make known, if called as a juror to try the case, that he had acted as a member of the grand jury returning an indictment against the accused. (2 Hale's Pleas, 309.) In the instant case the State contends, and Lofton so states in his affidavit, that he had forgotten that he was on the grand jury and that he had no recollection whatever about the case; that his mind was free from opinion. In *United States* v. *Christensen*, 7 Utah, 26, the court said concerning the incompetency of a juror who had acted as a member of the grand jury: "He may have forgotten that he was on the grand jury that found

the indictment. He may have been against finding the indictment or may have been absent when it was found, * * * but the presumptions of law are to the contrary, and in the absence of any showing to that effect he must be presumed to have participated in the finding of the indictment and to have formed an opinion as to the guilt or innocence of the defendant." While a juror who has acted as a grand juror may truthfully answer on his examination that he knows nothing about the case except what he may have read or heard and that he has no opinion concerning it, yet it seems inconceivable that such a juror could go through the entire trial of the case without having it recalled to his mind, as Lofton states in his affidavit he did. It is the fact that a juror's mind will be refreshed by hearing evidence which he has once heard that the law guards against in the endeavor to secure a trial at the hands of a fair and impartial jury. There is no showing that Lofton is a man of defective memory. The fact that he was the clerk of the grand jury and foreman of the jury returning the verdict in this case shows him to have been at least a man of average intelligence. It is evident from the record that neither plaintiff in error nor his counsel had any knowledge of the fact that this man sat on the grand jury until after the trial of the cause and the return of the verdict, and it would defeat the very purpose of the constitutional provision affording every man accused of crime a trial by a fair and impartial jury to say that under the facts here plaintiff in error has waived the right to challenge this juror by not making such challenge on the trial. In this case the trial was had before a jury, one of whom under his solemn oath returned an indictment against plaintiff in error, and in a county where the population is not large, and where public interest in charges of defalcation is naturally more or less general by reason of the infrequency of such charges, it seems beyond comprehension that a juror in the situation described here would not have recalled during the

trial that he sat on the grand jury returning the indictment. To sustain a verdict of this kind would be to violate the right of trial by an impartial jury. The circuit court should have granted a new trial for this reason, and its refusal to do so was reversible error.

Counsel for the plaintiff in error assign numerous errors as to giving and refusing instructions. It is earnestly contended that instruction No. 19 given on behalf of the People is erroneous. That instruction is as follows:

"You are instructed as a matter of law, that it is not necessary to warrant a conviction in this case, for the People to establish each fact necessary to show guilt beyond a reasonable doubt. The reasonable doubt must relate to the guilt of the accused on the whole evidence."

This was error. It is a fundamental requirement that the accused be proven guilty of the crime charged in the indictment beyond a reasonable doubt. It is difficult to conceive of this being done without the jury being satisfied on the proof of all the facts necessary to constitute the crime beyond a reasonable doubt. While it has been said that it is not necessary to prove beyond a reasonable doubt every link in the chain of circumstances surrounding the commission of the crime charged, it has never been held to be the rule that the State need not prove the essential elements of the crime or the facts necessary to constitute the crime beyond a reasonable doubt. If one fact necessary to constitute the crime is not proven as required by law, then the crime itself is not proven as the law requires. This instruction was prejudicial error.

Other errors occurred on the trial but they are such as are not likely to occur on a re-trial and require no further attention.

For the reasons here given the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*