(No. 25740.-

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE CRAVENS, Plaintiff in Error.

*Opinion filed February 14, 1941.*

H. S. BURGESS, C. DENEEN MATTHEWS, and VIRGIL W. MILLS, (CLARENCE UMFLEET, and CARROLL V. MILLS, of counsel,) for plaintiff in error.

JOHN E. CASSIDY, Attorney General, CHARLES W. CREIGHTON, State's Attorney, and A. B. DENNIS, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Wayne county of subornation of perjury and brings the cause here for review. The indictment charged that he procured and incited one ·Roy Smith to corruptly and falsely swear in a trial of a bastardy case in the county court of Wayne county, at its February, 1939, term.

It is charged, here, that it was error to refuse to quash the indictment; also, that the court erred in refusing to grant a new trial on the grounds of defendant's motion therefor, the principal one of which was that he had been denied a fair trial by an impartial jury, in violation of the provisions of the constitution. We will first consider that contention.

There was filed, in support of the motion for a new trial, the affidavit of T. M. Iddings, who stated that he was well acquainted with one George Burton, a juror who was accepted by both sides and heard the case against plaintiff in error; that he sat in the court room with Burton during the time of the argument on the motion to quash the indictment in the cause and prior to the selection of the jury; that Burton was one of the panel of jurors; that in conversation with the said Burton the latter informed the affiant that he knew of plaintiff in error and said: "It is coming to him sooner or later," referring to the result of the trial, and that the affiant replied: "I don't suppose they will accept you on the jury."

There was filed, also, the affidavit of counsel for plaintiff in error in which they say that the said George Burton was examined upon *voir dire* concerning his qualifications and, in reply to interrogatories propounded by the affiants, he stated that he knew nothing about the defendant, had not expressed any opinion as to his guilt or innocence and did not have an opinion in that matter, and that he did not know of any reason why he could not sit as a fair and

impartial juror in the case. This affidavit of the counsel states that they had no knowledge that Burton had expressed an opinion or discussed defendant's case prior to his being called into the jury box, and that though they counselled with the defendant he informed them that he knew of no reason why the said Burton would not make a fair juror. The record shows that Burton was accepted as a juror and was elected its foreman.

Plaintiff in error insists that he should have been given a new trial; that he was denied a trial by an impartial jury. Section 9 of article 2 of the constitution of 1870 guarantees to every person charged with crime a speedy trial by an impartial jury. It has often been stated by this court that great care should be exercised to preserve that constitutional right to a defendant, be he guilty or innocent. A juror, to be qualified, must come into the trial of the case with a mind uncommitted on the question of guilt or innocence of the defendant and prepared to weigh the evidence impartially. If the existence of certain facts has been established in his mind, touching the guilt or innocence of the accused, to the extent of producing a conviction, he is disqualified, for neither party to the proceeding should be required to adduce proof to remove a preconceived opinion. Such would result in the trial before a juror who had prejudged the case. Such a trial is a mockery. (*People* v. *Mooney,* 303 Ill. 469; *Coughlin* v. *People,* 144 id. 140; *Plummer* v. *People,* 74 id. 361; *Davis* v. *Walker,* 60 id. 452.) It was a cardinal rule at common law that jurors, to be qualified as impartial, should stand indifferent between the parties and be wholly free from even the suspicion of bias. This must be so if the constitutional guaranty of trial by an impartial jury is to be had. (*Coughlin* v. *People, supra.*) As was pointed out in *Plummer* v. *People, supra,* if the juror has made a statement as to the accused, the effect of which is to create a prejudice in his mind against accused which will require

evidence to overcome, he is not competent to sit in that case as a juror. This court also held in the early case of *Vennum* v. *Harwood,* 1 Gilm. 659, that where a juror has expressed a decided opinion on the merits of the case adverse to the defendant and that fact was not known to the defendant or his counsel, after the exercise of proper diligence in questioning him as to his qualifications as a juror, the defendant is entitled to a new trial. To the same effect is *Sellers* v. *People,* 3 Scam. 412.

It seems clear from the affidavits filed with the motion for a new trial, which were not denied or explained, that the juror Burton gave to Iddings evidence of an unfavorable opinion of the accused. His statement to Iddings, together with his answer to questions as to his qualifications, which were accepted by plaintiff in error's counsel as true, while not conclusive proof of a fixed opinion or prejudice, strongly indicate a condition of mind which would tend to prevent his being an impartial juror in the case. His statement on *voir dire,* as shown by the uncontradicted affidavits of plaintiff in error's counsel, that he knew nothing about the plaintiff in error, was, at least, lacking in frankness and tended to indicate a desire to conceal the opinion he had expressed to the affiant Iddings, thus preventing an opportunity to the plaintiff in error's counsel to determine whether he should be accepted as a member of the jury. It was error to overrule the plaintiff in error's motion for a new trial.

Plaintiff in error also objects to the introduction of People's exhibits 12, 12-A, 12-B, 12-C, and 12-D. As this cause must be tried again, it is necessary to give consideration to that objection. This exhibit was a transcript of the testimony in the county court of the witness whom the plaintiff in error is charged with hiring to testify against the prosecutrix in the county court. Counsel for plaintiff in error say that only a portion of this transcript of examination was properly admitted. The objection made does not

state the reason upon which it is based nor the portions of the transcript to which objection is made. It was not error to admit this exhibit.

For error in refusing a new trial, the judgment of the circuit court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*