(No. 28290.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BLANCH McGOWN, Plaintiff in Error.

*Opinion filed November 22, 1944.*

HAROLD J. BANDY, of East St. Louis, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and LOUIS P. ZERWECK, State's Attorney, of Belleville, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error was, by a jury in the city court of East St. Louis, found guilty of the crime of murder. She

was sentenced to the penitentiary in accordance with the verdict. For the purpose of reviewing the judgment, she has brought the record here by writ of error. The errors assigned are the alleged insufficiency of the evidence to support the verdict and the giving of instructions claimed to be erroneous.

The killing occurred in a small shack in East St. Louis, in which Jesse Thomas conducted a drinking and gambling establishment. Five eyewitnesses to the killing testified for the People. From their testimony it appears that plaintiff in error entered the place on the night of the killing, about nine o'clock. She engaged in a game of cards with the deceased and others. At the conclusion of the card game an argument ensued concerning the payment of a bet which she had placed on the game. The witnesses to the killing testified that plaintiff in error produced a knife from her pocket and stabbed the deceased without provocation.

Plaintiff in error testified that after the argument she started to leave the place; that the deceased and his nephew were, at that time, standing outside of the door,— one on each side; that another woman by the name of Green was also just outside the door with a knife in her hand; that the Green woman made some threats against her; that the deceased reached for his pocket as if he were going to draw a knife; that she struck him with her knife and then threw the knife away. A police officer testified that they searched for her until two or three o'clock the following morning when she voluntarily appeared at police headquarters. She was not corroborated by anyone as to her version of the occurrence.

We have announced the rule repeatedly that the weight of the evidence and the credibility of the witnesses are to be determined by the jury. This court will not substitute its judgment for that of the jury upon the question of the

weight and credibility of the evidence. *People* v. *Orlando,* 380 Ill. 107.

Plaintiff in error objects to instructions Nos. 15, 16 and 19, given on behalf of the People. The objection urged is that the instructions left to the jury the determination of the question as to what were the material issues in the case. The criticism of these instructions is well founded. We have repeatedly condemned instructions which leave to the jury the determination of what constitutes the material issues in the case. (*People* v. *Berne,* 384 Ill. 334; *People* v. *Cramer,* 298 Ill. 509; *People* v. *Seff,* 296 Ill. 120.) Such an instruction has been held to be improper because it leaves to the jury the determination of the legal question as to what are material or essential elements of the crime charged. (*People* v. *Wells,* 380 Ill. 347.) The giving of such an instruction, however, has been held not to constitute reversible error where other instructions given in the case define the essential elements of the crime with which the defendant is charged. (*People* v. *Berne,* 384 Ill. 334; *People* v. *Hartwell,* 341 Ill. 155; *People* v. *McGrane,* 336 Ill. 404.) Instructions Nos. 3 and 6, given on behalf of plaintiff in error, fully advised the jury as to what constituted the material issues in the case. The material elements constituting the crime were also defined in instruction No. 21, given on behalf of the People. When these instructions are considered together, the jury could not have been misled by the language complained of in instructions Nos. 15, 16, and 19, given on behalf of the People. The giving of those instructions did not constitute reversible error. *People* v. *Wells,* 380 Ill. 347.

It is also the rule that objections to instructions will not be considered where the party making the objections has been guilty of a similar error. In this case, instruction No. 2, given on behalf of the defendant, contains the same

objectionable language as that objected to in instructions Nos. 15, 16, and 19, given on behalf of the People. This being true, plaintiff in error is in no position to object to the instructions given on behalf of the People. A defendant cannot successfully complain of error in instructions when the same error, in substance, is contained in instructions offered by the defendant and given by the court. *People* v. *Robinson,* 308 Ill. 398; *People* v. *Brothers,* 347 Ill. 530.

Plaintiff in error also complains of instruction No. 20, given on behalf of the People. The objection to this instruction is that it concludes with the words "then you are satisfied, beyond a reasonable doubt and your verdict should be . . . . . guilty." The objection is that the effect of inserting the periods preceding the word "guilty," as above indicated, separating that word from the preceding language, was to unduly isolate and emphasize the word "guilty." We are not impressed by this argument.

We have said many times that on a review of a judgment of conviction in a criminal case, the purpose is not to determine whether the record is perfect, but whether the defendant had a fair trial, and even if there is error in the record which could not reasonably have affected the result, the judgment will be affirmed. *People* v. *Konkowski,* 378 Ill. 616.

The instructions, when considered as a series, fully and accurately advised the jury as to the law applicable to the case. We are satisfied that plaintiff in error had a fair trial and that the evidence shows her guilt beyond a reasonable doubt. There are no reversible errors in the record.

The judgment of the city court of East St. Louis is affirmed.

*Judgment affirmed.*