(No. 36835.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES CLARK, Plaintiff in Error.

*Opinion filed September 27, 1963.*

THOMAS A. LOOSE, of Peoria, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and JAMES V. CUNNINGHAM, State's Attorney, of Peoria, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JAY H. JANSSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

James Clark was found guilty of the crime of robbery by a jury in the circuit court of Peoria County and sentenced to the penitentiary for a term of 4 to 8 years. The only question raised on this writ of error is whether the identity of defendant as the perpetrator of the crime was proved beyond a reasonable doubt.

Between 8:00 P.M. and 9:00 P.M. on November 18, 1960, Vaneeda Fleener was returning home from the grocery store when her car ran out of gasoline near the intersection of Bradley and Windom streets in Peoria. She walked to a service station, purchased a gallon of gasoline, and on her return to her automobile she was approached by two men. The man on her right grabbed her, pushed her back and started hitting her in the ribs with his first. The man on her left tore her purse loose from her arm and the two men fled.

Mrs. Fleener testified that she observed the man who pulled her purse from her arm but not the man who struck her. She said the area was well illuminated by street lights at the intersection and from a string of lights at a used-car lot near there. The man on her left was only one to two feet away from her and she observed him for several minutes while he tugged and jerked at her purse before breaking it loose from her arm.

On December 6 she was called to the police station to view some suspects. While waiting at the station she saw three or four men moving articles from one room to another. She recognized one of these men as the man who

took her purse. She then went into the line-up room and identified the defendant from the group. She later learned that the articles being moved by the men were stolen articles. She again positively identified defendant at the trial.

The defendant did not testify. His girl friend, a junior in high school, testified that defendant was at her home during the time the robbery occurred. The girl friend's sister, also a junior in high school, corroborated the testimony of her sister.

Defendant argues that the complainant's testimony is not believable because human experience dictates that she would be looking at the man striking her and not at the man tugging on her purse. The jury, however, believed her testimony that she observed the man tugging on her purse and not the man striking her in the ribs and we think the jury was justified in this belief.

Complaint is also made of the identification procedure used at the police station. Her observation of the three or four men before she saw them in the line-up room appears to have been accidental. She recognized defendant then and positively identified him later in the line-up room. We have often held that the manner in which a suspect is placed before a witness for identification only goes to the weight to be given the identification testimony. *People* v. *Lamphear,* 6 Ill.2d 346.

The jury chose to believe the identification evidence of Mrs. Fleener rather than the alibi evidence of defendant's girl friend and her sister. This was within the jury's province and we find no reason to disturb the finding of guilty. (*People* v. *Ellis,* 26 Ill.2d 331.) The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*