166

(No. 37649.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES WILLIAMS, Plaintiff in Error.

*Opinion filed January 22, 1964.*

STUART M. WEIS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

James Williams was found guilty of armed robbery by a jury in the criminal court of Cook County and sentenced by the court to the penitentiary for a term of 10 to 30 years. A writ of error has been issued to review his conviction.

About 6:30 P.M. on August 13, 1961, two men entered a tavern on the south side of Chicago, drew their revolvers and announced a robbery. One of them, later identified as the defendant, took money from the cash register and from Bernice Paulavicius, the tavern owner. The other robber, later identified as James Dority, took money from Kenneth Balentine and his wife, who were customers in the tavern. Hugh Burmeister, a customer, entered the tavern during

the robbery and the robbers took his money. Burmeister and Balentine were forced to lie on the floor and Balentine's wife was slapped in the face by Dority. After the robbers fled, a woman ran into the tavern and called off a license plate number which Balentine wrote on a match box. The license number was traced to defendant and he was arrested.

The next day all four occurrence witnesses identified defendant from a line-up of five men. The following day the robbery victims again identified him from a line-up and they identified him at the trial. Neither defendant nor Dority testified at their trial.

It is argued that Balentine and Burmeister only had a few seconds to observe defendant before they were forced to lie on the floor and that the two women were nervous and panicky and therefore the jury was not justified in believing their identification testimony. The record shows that all four witnesses had ample opportunity to observe the defendant and did observe him. He was positively identified by all four witnesses at two different line-ups and again at the trial. Furthermore, the license plate number of the car used in the robbery was traced to him. We find no reason to interfere with the finding of the jury. See *People* v. *Clark,* 28 Ill.2d 423.

It is finally contended that a severance should have been granted because defendant's defense was antagonistic to that of the co-defendant Dority's defense. The short answer to this contention is that no severance was requested and that no defense was made by either defendant.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*