The People of the State of Illinois, Plaintiff-Appellee, v. Curtis Verrett, Defendant-Appellant.

Gen. No. 64-25.

Third District.

November 19, 1964.

19

Maynard R. Bissonnette, of Kankakee, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (Patrick M. Burns, Assistant State's Attorney, of counsel), for appellee.

CULBERTSON, P. J.

This cause is before us on appeal from a conviction of defendant, Curtis Verrett, for armed robbery. On appeal in this case the defendant contends that the conviction cannot be sustained by evidence establishing identification beyond a reasonable doubt, and that therefore, the verdict finding defendant guilty was contrary to the manifest weight of the evidence. Objection was also made to the giving and refusal of certain instructions.

██ ██ The evidence in the Circuit Court was chiefly that of five eye-witnesses who testified that they were present at a certain restaurant at 5:15 a. m., on the morning of August 25, 1963 when defendant entered the restaurant armed with a pistol and wearing a sheer woman's stocking over his face and head. The witnesses stated that one Joe Darter was robbed of $290. The identification of defendant was made by the witnesses who stated they had a view of defendant's face at close range. Two witnesses who testified for defendant to establish an alibi stated that he was at the home of another individual during the time of the robbery. These two witnesses, however, were vague and uncertain about times. On the basis of the record before us it is apparent that there was sufficient evidence of identification, and that the question of identity obviously became a question for the jury (People v. Bloom, 370 Ill 144, 18 NE2d 197; People v. Keagle, 7 Ill2d 408, 411, 131 NE2d 74). A conviction should

not be reversed on the question of sufficiency of identification unless it is contrary to the weight of the evidence, or is so unsatisfactory as to justify a reasonable doubt of defendant's guilt. While the evidence of the alibi could not be disregarded, where identification of defendant is sufficiently supported by evidence as in the case before us, the determination of the jury on this issue should not be reversed. Four of the five witnesses stated they subsequently identified the defendant as the robber in lineups, and the fifth witness who did not view a lineup, stated he saw the defendant later in the day, and identified him as the robber. On the basis of the record, therefore, we would not be justified in reversing the conviction.

The jury had the evidence of identity and the alibi before it, and while there was a direct conflict in the evidence, it was not sufficient to raise a reasonable doubt and the jury determination, under the record, should be sustained (People v. Leach, 398 Ill 515, 525, 76 NE2d 425; People v. Harris, 391 Ill 358, 362, 63 NE2d 398).

█ Objection is also made by the defendant to the giving of an instruction to the effect that if any witness testified on either side wilfully and corruptly "falsely to any fact material to the issues in the case," then the jury had the right to disregard the testimony of such witness, except insofar as corroborated by other credible evidence. The instruction goes on to point out that the question of the weight and credit to be given to each witness is entirely for the jury. Defendant had tendered an instruction, which was given, to the effect that the jury had the right to consider their own common observations and experience in the affairs of life, and to determine "where the truth lies upon any material fact in the case." In People v. McGown, 388 Ill 347, 349, 57 NE2d 857, where an instruction was being questioned which presumably left to the jury

21

the determination of the question as to what were the material issues in the case, the Court stated that the giving of such instruction was not reversible error since other instructions given in the case by the other party who made the objection, involved a similar error. Under the circumstances, the giving of the instruction objected to would not justify reversal in this cause.

■ Other instructions given by defendant advised the jury that the indictment was not evidence and constituted a mere accusation which the prosecution must prove by credible evidence beyond all reasonable doubt. Another instruction advised the jury that a person commits armed robbery when, while armed with a dangerous weapon, he takes property from the person or presence of another by the use of force or threatening the imminent use of force. Still another instruction covered presumption of innocence and reasonable doubt, and required the jury to consider all the evidence and that the charge must be proved beyond all reasonable doubt. The instructions were also, by direction, required to be considered as a series, and when taken together as a series, accurately set forth what facts the State was required to prove, as well as the degree of proof necessary for conviction.

■ Defendant had also objected to the refusal of a certain instruction on the definition of reasonable doubt. A People's instruction which was given, accurately set forth the definition to the jury as to "reasonable doubt." Since the jury was properly instructed on this issue it was not necessary that the same rule of law be repeated in a different form in another instruction (People v. Lyons, 4 Ill2d 396, 401, 122 NE 2d 809).

■ Defendant also complains of the giving of an instruction on behalf of The People with respect to the defense of alibi. This instruction advised the jury that before a defendant could avail himself of the

22

defense of alibi, the proof must cover the whole time of the commission of a crime so as to render it impossible or highly improbable that defendant could have committed the act. Under the facts in this case, the precedent of People v. Van Dyke, 414 Ill 251, 256, 111 NE2d 165, is controlling, and the conclusion stated, of the Supreme Court, that the defense of alibi makes it necessary for a defendant to account for his whereabouts for the time shown during which the act could have been consummated. We are also conscious of the fact that in the record numerous instructions on the burden of proof, reasonable doubt, and identification made it apparent that the ultimate outcome of the trial could not have been seriously affected by the instruction complained of.

■ A final objection was made to an instruction in which the jury was advised it is not necessary to believe that every incriminating fact or circumstance in evidence has been proved beyond a reasonable doubt, but it is sufficient if the jury believe from all the evidence in the case, that the guilt of defendant in the manner and form as charged in the indictment, has been proved beyond a reasonable doubt. In view of the other instructions given in the case, the jury could not have been misled by such instruction (People v. Ritcheson, 396 Ill 146, 154, 71 NE2d 30; People v. Dolgin, 415 Ill 434, 452, 114 NE2d 389).

On the review of the entire record it appears that no error relied upon by defendant or appearing from the record, was sufficiently prejudicial as to require reversal (People v. Lopez, 10 Ill2d 237, 241, 139 NE2d 724; People v. Jersky, 377 Ill 261, 269, 36 NE2d 347). The judgment of the Circuit Court of Kankakee County will, therefore, be affirmed.

Affirmed.

ROETH and SCHEINEMAN, JJ., concur.