**The People of the State of Illinois, Plaintiff-Appellee, v. Willmer Blumenshine, Defendant-Appellant.**

Gen. No. 66–56.

Third District.

July 8, 1968.

Seth M. Dabney, of Peoria, for appellant.

George R. Kennedy, State's Attorney of Peoria County, of Peoria, for appellee.

STOUDER, J.

Defendant was arrested on December 17, 1965, and taken to the police station where he was interrogated in the presence of three police officers. No attorney was present during this interrogation and the record does not disclose whether defendant was advised of his right to remain silent, that any statement he might make could be used as evidence or that he was entitled to consult an attorney, nor does it disclose whether defendant requested an attorney. Defendant made certain statements which were exculpatory in nature and related to his whereabouts on November 29, 1965, and the amount of money on his person at the time of his arrest. At the trial he pre-

sented different testimony as to his whereabouts on the date in question and the police officers were permitted to testify as to the statements made at the time of arrest as well as to the amount of money found in the coat lining of defendant.

On the day after his arrest, defendant was exhibited to four witnesses to a robbery which had occurred on November 29. The witnesses viewed defendant, only, but the viewing was done by a mother and son together and two sisters together and all witnesses were told by the police that defendant was suspected of the robbery. The confrontation by the two sisters was made in the presence of witnesses to other robberies of which police suspected defendant. All four witnesses later made an in-court identification.

A jury found defendant guilty as charged and he was sentenced to not less than ten nor more than fifteen years. Defendant was arrested with a juvenile also identified as a participant in the robbery. This juvenile was then on probation and was returned to the custody of the Youth Commission from December 20, 1965, until August 20, 1966, when he was paroled. The juvenile was finally discharged on May 10, 1967.

Appellant assigns as error the constitutional violation of due process in the admission of statements by him, the impropriety of his identification, and that his sentence is disproportionate to that of his alleged accomplice.

The trial of this cause occurred prior to the decision in Miranda v. Arizona, 384 US 436, 16 L Ed2d 694 and the subsequent Supreme Court decision in Johnson v. New Jersey, 384 US 719, 16 L Ed2d 882, specifically made the Miranda warnings applicable only to situations developing after the Miranda decision. As applicable to the instant case, Escobedo v. Illinois, 378 US 478, 12 L Ed2d 977, holds only that it is error to deny the presence of counsel to defendant if such presence is requested. The record before us does not disclose that any request for counsel

353

was made, nor that if made it was denied. We must, therefore, without attempting to differentiate between statements exculpatory in nature and those in the nature of a confession, hold that the trial court committed no error in admitting statements made by defendant. In so holding we do not imply that the methods used in this interrogation are to be encouraged. However the subsequent decisions of the Supreme Court, Miranda v. Arizona, supra, and Johnson v. New Jersey, supra, which have been specifically declared to be not retroactive, will prevent such methods in the future.

We must agree with counsel for the defendant that the identification process used was highly suggestive and conducted in a manner deserving of strong condemnation. However this trial occurred prior to the Supreme Court decisions specifically outlawing such methods, Gilbert v. California, 388 US 263, 18 L Ed2d 1178 and United States v. Wade, 388 US 218, 18 L Ed2d 1149. Stovall v. Denno, 388 US 293, 18 L Ed2d 1199, decided on the same day, specifically gave these decisions nonretroactive status. See also People v. Neiman, 90 Ill App2d 337, 232 NE2d 805. Had this been a case of first impression in this court, we would have been compelled to hold that such methods of identification here used would not have been approved. However, the prior decisions of our Supreme Court, People v. Clark, 28 Ill2d 423, 192 NE2d 851, People v. Martin, 304 Ill 494, 136 NE 711, People v. Thompson, 406 Ill 55, 94 NE2d 349, People v. Berne, 384 Ill 334, 51 NE2d 578, and People v. Crenshaw, 15 Ill2d 458, 155 NE2d 599, have upheld in-court identifications following pretrial identifications made in much the same manner as those of the instant case although condemning the methods used. We must therefore, following these decisions, hold that the identification evidence presented was admissible and that the methods used in such identification affected only the credibility of the witnesses and the weight to be given their testimony.

That there was considerable disparity in the sentencing of the two persons convicted of this crime is without dispute. Had these two persons been on an equal footing, Appellant's arguments as to the disproportionate sentences might have been persuasive. However, in the instant case defendant was an adult while his alleged accomplice was a minor. Our laws pertaining to the treatment of juveniles were enacted precisely for the purpose of enabling a differentiation in treatment between such juveniles and adults. Defendant's sentence conforms to the statutory mandate for the offense of which he was convicted and is, therefore free from error.

Finding no error in the record the judgment of the trial court is affirmed.

Judgment affirmed.

ALLOY, P. J. and SCHEINEMAN, J., concur.